**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| **JOSE MOSQUERA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.3:12-cv-00298** |
| | ) | |
| **MCCABE WEISBERG & CONWAY,** | ) | |
| **LLC.** *et al.* | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS BY**
**DEFENDANT MCCABE WEISBERG AND CONWAY[1]**

Defendant McCabe Weisberg and Conway, LLC, (hereafter "McCabe") by

undersigned counsel, submits this Memorandum in support of their Motion to Dismiss

Plaintiff's Complaint against them, for failure to state a claim upon which relied can be

granted under Fed. R. Civ. P. 12(b)(6) and in support thereof state as follows:

**I.      FACTUAL BACKROUND**

In June of 2006, Plaintiff Jose Mosquera executed a promissory note in the

amount of $280,000.00 secured by certain Real Property located in Fairfax County,

Virginia. See Plaintiff's Complaint ¶ 7 and Plaintiff's Exhibits A and B. In September of

2011, Plaintiff defaulted under the terms of the promissory Note and in December of

2011, this matter was referred to the law offices of Defendant McCabe. See Plaintiff's

Complaint at ¶¶ 12, 21. On December 29, 2011, McCabe sent certain correspondence to

the Plaintiff including a notice that the subject property had been referred to the firm for

---

[1] Defendant has also filed a Motion to Transfer Venue to the Alexandria Division, and in the event this
Court agrees to transfer venue, Defendant asks that this Motion be heard in Alexandria.

foreclosure and identifying the Plaintiff's rights under the Fair Debt Collection Practices Act (FDCPA). See Plaintiff's Exhibits A and B.

On or about January 17, 2012, McCabe received certain correspondence from counsel for the Plaintiff, which purported to be a request for verification under the FDCPA. See P's Complaint ¶ 36.  On January 19, 2012, McCabe responded to this inquiry and provided certain documents requested by counsel for the Plaintiff. See Exhibit A, attached hereto. The correspondence received from Plaintiff indicated that he was pursuing a HAMP modification, and as such, the file was subsequently placed on hold and no further collection efforts have been conducted.

## II.      STANDARD OF REVIEW

McCabe brings this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(6)(b).  A Motion to Dismiss tests the sufficiency of the plaintiff's initial pleadings and does not resolve contests surrounding the facts or the merits of a claim.  *See Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).  In considering a motion to dismiss, the Court may consider not only the complaint itself, but also documents referred to in the complaint and relied upon by the plaintiff in support of the complaint, even if not attached to the complaint itself. *See Robinson v. Am. Honda Motor Co.,* 551 F.3d 218, 222-23 (4th Cir. 2009).

When considering a motion to dismiss, the Court should accept as true all well-pleaded factual allegations and should view the complaint in the light most favorable to the plaintiff. *See De Sole v. United States*, 947 F.2d 1169, 1174 (4th Cir. 1991). However, the court need not accept as true the legal conclusions, unwarranted inferences, unreasonable conclusions or arguments asserted in the complaint. *Eastern Shore Mkts.*

*Inc. v. J.D. Assocs. Ltd. P'ship,* 213 F3d 175, 180 (4th Cir. 2000); *Edwards v. City or Goldboro,* 178 F.3d 231, 244 (4th Cir. 1999). Furthermore, a "pleading that offers 'labels and conclusions' or "a formulaic recitation of the elements of a cause of action will not do" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (May 18, 2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)); *Stidham v. Jackson,* No. 2:07-cv-00028, 2007 U.S. Dist. LEXIS 54032, at *13 (legal conclusions "couched as factual allegations need not be accepted as true."); *Assa'Ad-Faltas v. Virginia,* 738 F.Supp. 982, 985 (E.D. Va. 1989) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570); see Fed. R. Civ. P. 8(a)(2) (pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). A claim is "factually plausible" when the claimant pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In *Iqbal*, the Supreme Court laid out a "two-pronged approach" for determining whether a complaint should survive dismissal. 129 S. Ct. at 1949-50.

> *First*, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . *Second*, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will. . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Id.* (emphasis added).

Therefore, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. If any factual allegations remain, the Court should then review them to determine if the plaintiff has stated a plausible claim for relief. *Id.*

### III.    ARGUMENT

The Fair Debt Collection Practices Act (hereafter "FDCPA"), among other things, prevents debt collectors from using harassing, deceptive, and unconscionable means to collect a debt. *See* 15 U.S.C. § 1692(d)-(f).  "In order to prevail on an FDCPA claim, a plaintiff must prove that: (1) the plaintiff has been the subject of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Kuplun v. Assetcare, Inc.*, 88 F.Supp.2d 1355, 1360-61 (S.D. Fla. 2000) (quoting *Sibley v. Firstcollect, Inc.*, 913 F.Supp. 469, 470 (M.D. La. 1995)).

For the purposes of this Motion, Defendant argues that Plaintiff has failed to sufficiently assert that McCabe engaged in an act or omission prohibited by the FDCPA. In order for an FDCPA claim to survive dismissal, a claimant must do more than simply restate the language of the statute followed by conclusory statements regarding the defendant's actions. *See e.g. Meadows v. Mann Bracken LLP* (In re Meadows), 425 B.R. 806, 810 (Bankr. W.D. Va. 2010).  The claimant must also allege how the conduct was misleading, unfair or unconscionable.  *See e.g. Meroney v Pharia, LLC*., 688 F Supp 2d 550 (N.D. Tex. 2009); *Taylor v Heath W. Williams, L.L.C.*, 510 F Supp 2d 1206 (N.D. Ga. 2007).  While the Plaintiff recounts several sections of the FDCPA, he fails to specifically plead how the conduct of McCabe constitutes a clear violation of the statute.

**A.    Plaintiff fails to state a claim that Defendants violation section 1692e of the Fair Debt Collection Practices Act.**

Plaintiff asserts that Defendant violated Section 1692e by "falsely stating in the December 29, 2011, letter that the Note was lost or unavailable" P's Complaint ¶ 43. Section 1692e of the FDCPA seeks to prohibit any representations by a debt collector that may be construed as false, deceptive or misleading. See 15 U.S.C. 1692e *et seq.*  In determining whether debt collector's practice is deceptive, courts apply objective test based on understanding of least sophisticated consumer. *Lewis v ACB Bus. Servs.* 135 F3d 389 (6th Cir. 1998).   Whether or not collection letter is false, deceptive, or misleading (in violation of 15 USCS § 1692e) or unfair or unconscionable (in violation of 15 USCS § 1692f) are inquiries similar to whether letter is confusing in violation of 15 USCS § 1692g; inquiry requires fact-bound determination of how unsophisticated consumer would perceive letter. *McMillan v Collection Professionals, Inc*. 455 F3d 754 (7th Cir. 2006).

Violations of 1692e typically involve those communications which advise a consumer that a certain amount is owed when in fact no such debt is owed at all. *See e.g. Goins v JBC & Assocs., P.C.,* 352 F Supp 2d 262 (D.C. Conn. 2005); *McCollough v Johnson, Rodenberg & Lauinger,* 610 F Supp 2d 1247 (D.C. Mont. 2009), In support of his assertion that the correspondence received from the Defendant somehow violated the FDCPA, Plaintiff cites to the decision in *Turner v. Shenandoah Legal Group, et al,* 2006 U.S. Dist, Lexis 39341, *22-23. There, the Honorable court found that a dunning letter was misleading where it was captioned as "Asset Acceptance LLC v. Alisha S. Turner" when in fact no complaint has been filed and no legal action had been initiated. *Id* at *28. The Court held "[a] false implication that the legal action has already been brought is …

likely to unjustifiably frighten an unsophisticated consumer into paying a debt that he or she does not owe." *Id.* (internal citations omitted).

Here the Plaintiff attempts to stretch the violation of 1692e to apply to Defendant's statement on December 29, 2011 that the debt instrument was unavailable. See P's Exhibit B.  The letter does not state that the note is lost, but merely advises that the instrument is currently unavailable. Furthermore, in response to the verification letter received from the Plaintiff, Defendant McCabe advised on January 19, 2012. that the note was not lost and provided a copy of the Note for Plaintiff's inspection. See P's Complaint ¶¶ 36, 39, Defendant's Exhibit A.

Despite including certain correspondence from McCabe as attachments to the initial Complaint, and making a specific reference to the correspondence sent by McCabe on January 19 2012 in the Complaint, Plaintiff failed to include a copy of this letter as an attachment with his initial filing. See P's Complaint ¶ 39. In considering a motion to dismiss, the Court may consider not only the complaint itself, but also documents referred to in the complaint and relied upon by the plaintiff in support of the complaint, even if not attached to the complaint itself. *See Robinson v. Am. Honda Motor Co.*, 551 F.3d 218, 222-23 (4th Cir. 2009).  As such, Defendant has attached a copy of the January 19, 2012 letter herein as Exhibit A.

Read together, the December 29 and January 19 correspondence are not misleading. Even the least sophisticated consumer would conclude that the note was not lost. While it may have been unavailable to the Defendant at one time, it was never expressed that the note was lost by the holder at any time.  Defendant's statement that the

note was unavailable is not the type of statement which could be perceived as misleading or interpreted as such under 1692e.

The statement that the note was unavailable could not possibly be interpreted to mislead the Plaintiff into payment of an amount when in fact none was owed as in *Goins* and *McCollough, supra*. Further, even by this Court's own standard from the *Turner* decision, the conduct of Defendant McCabe did not unduly suggest that some litigation had been initiated, but simply informed the Plaintiff that the firm had been retained to institute foreclosure proceedings, which was completely accurate. As such, Count I must be dismissed, as Plaintiff has failed to assert sufficient facts to support that Defendant McCabe has violated Section 1692e.

**B.     Plaintiff fails to allege sufficient facts to support his claim that Defendant McCabe violated 15 U.S.C. §1692g.**

Plaintiff asserts that Defendant McCabe violated Section 1692g(a) of the Fair Debt Collection Practices Act by (1) failing to include the name of the creditor to whom the debt was owed and (2) failing to state in writing the amount of the alleged debt in the correspondence dated December 29, 2011. P's Complaint ¶¶ 46 &47.   However, a cursory review of the correspondence attached to Plaintiffs complaint and Exhibits A and B reveals that both the identity of the creditor and the amount of the debt were adequately disclosed

i.     The identity of the creditor was clearly disclosed.

The second Paragraph of the December 29, 2011, letter states, "[y]our Mortgage loan with Wells Fargo Bank National Association, as Trustee for the Certificateholders of Structured Asset Mortgage Investments II Inc., Bear Stearns Mortgage Funding Trust 2006-AR1, Mortgage-Pass Through Certificates Series 2006-AR1 is now in default

because of your failure to pay the monthly mortgage payment." See P's Exhibit A. Additionally, the second letter, also dated December 29, 2011, and identified by Plaintiff as Exhibit "B" similarly states "Wells Fargo Bank National Association, as Trustee for the Certificateholders of Structured Asset Mortgage Investments II Inc., Bear Stearns Mortgage Funding Trust 2006-AR1, Mortgage-Pass Through Certificates Series 2006-AR1 is the **holder** of a Note and a Deed of Trust secured by your real property." (emphasis added). Both letters identify the same entity as the loan oblige and the holder of the note, thus even the "least sophisticated consumer" would deduce that this entity was the creditor to whom the debt was owed.

    ii. The disclosure of the principal balance is sufficient to meet the requirements of 1692g regarding the amount of the debt

The third paragraph of Plaintiff's Exhibit A states "[t]he current outstanding principal balance on your loan is $331,537.71 plus interest owing from August 1, 2011 plus any outstanding fees and costs." The letter goes on to state "[y]ou may avoid the foreclosure sale by reinstating your loan. For reinstatement figures, please contact this office to obtain the amounts necessary to bring the loan current." Contact information for Defendant McCabe is provided, along with a direct phone number.

Even the most cursory review of the "offending" letter reveals that the letter clearly state the amount of principal owed on the debt. See P's Exhibit A.  Plaintiff does not include any facts or legal support for his conclusory statement that the letters do not disclose the amount of the debt, however recent decisions have upheld the type of disclosure contained within the Defendant's correspondence as sufficient under §1692g(a)(1). *See Hutton v Law Offices of Collins & Lamore*, 668 F.Supp.2d 1251 (S.D. Cal. 2009) (holding that a law firm was entitled to dismissal of consumer's action under

Fair Debt Collection Practices Act because the law firm's letter, which advised consumer of his outstanding balance, referenced future interest, and provided consumer with a number to call to obtain his latest up-to-date balance, sufficiently identified amount of debt for purposes of 15 USCS § 1692g(a)(1)); *see also, Harvey v National Action Fin. Servs.*, 79 F.Supp.2d 896. (N.D. Ill. 1999) (reasoning that a collection letter did not violate 15 USCS § 1692g even though the balance due disclosed did not include most recent late charges assessed, any applicable fees, or most recent daily interest charges, where letter did provide a number to call to obtain most current balance information, because court found the provision of a telephone number to get current balance better than a provision of various per diem formulae from which unsophisticated consumer could attempt to calculate current balance).

Here, Defendant has explicitly stated that the figure disclosed is the principal balance, and that the total amount to pay off the loan would include additional interest and fees. Defendant provided contact information, including a phone number, and advised the Plaintiff to use the same to obtain reinstatement figures, which the Plaintiff clearly took advantage of, as the January 12, 2012 correspondence from counsel for the Plaintiff requested the same, and the reinstatement figures were provided as an attachment to the January 19, 2012, correspondence sent by McCabe. See Exhibit A.

Thus Count II of Plaintiff's Complaint has failed to assert sufficient facts to support any violations of Section 1692g, as both the creditor and the amount of the debt were clearly disclosed, and as such, Count II must be dismissed pursuant to Section 12(b)(6).

### C.      Plaintiff has failed to adequately plead any violations of Section 1692f

In "Count V" of the Complaint, which Defendant will take as a clerical error and presume to be Count III, Plaintiff asserts "[n]either JPMorgan Chase or Wells Fargo Bank National Association, as Trustee for the Certificateholders of Structured Asset Mortgage Investments II Inc., Bear Stearns Mortgage Funding Trust 2006-AR1, Mortgage-Pass Through Certificates Series 2006-AR1 had [SIC] no authority to appoint Defendants as a substitute Trustee." P's Complaint ¶ 51.   Nowhere in the Complaint does Plaintiff assert that either Defendant McCabe, or Defendant Surety Trustees, LLC., has been appointed as substitute Trustee. While Plaintiff does define Defendant Surety Trustees LLC as "a company whose sole purpose is to serve as the substitute trustee" Plaintiff fails to specifically plead that either defendant has been appointed as substitute trustee in this particular matter. See P's Complaint at ¶ 5.  Furthermore, neither of the correspondence attached to Plaintiff's Complaint reference any appointment of substitute trustee or the Defendant Surety Trustees. These documents are sent from the law firm of Defendant McCabe on behalf of the noteholder and servicer.

The sole 1692f violation alleged by Plaintiff stems from the purported appointment of trustee; however Plaintiff fails to plead in any way that either defendant has been appointed as trustee.  Under 1692f, the burden is on the Plaintiff to prove that the collection effort of the Defendant was unfair or unconscionable, and failure to properly plead the same should result in dismissal. *See e.g. Meadows v. Mann Bracken LLP* (In re Meadows), 425 B.R. 806, 810 (Bankr. W.D. Va. 2010) (holding that the allegations in a complaint that creditor violated Fair Debt Collection Practices Act (FDCPA), 15 USCS §1692f, were not, when taken as true, sufficient to establish

necessary elements required to prove claim under FDCPA, because debtor simply paraphrased language of those sections, followed by words stating that creditor violated those provisions, and her remaining allegations did not support, using least sophisticated consumer standard, finding that creditor plausibly violated FDCPA; thus, the complaint was dismissed under Fed. R. Civ. P. 12(b)(6)).

As Plaintiff has failed to properly plead any facts to support the underlying assertion that Defendants appointment as substitute trustee was unfair or unconscionable, in that Plaintiff has failed to prove that such appointment even took place, Count III (or V) must be dismissed pursuant to Rule 12(b)(6).

## IV.   CONCLUSION

WHEREFORE, for the reasons stated herein, Defendant McCabe, Weisberg & Conway, LLC., respectfully requests that the Court grant their Motion to Dismiss and enter an Order dismissing the Plaintiff's claims without leave to amend and grant any other and further legal or equitable relief as this Court may deem appropriate and the ends of justice permit.

Dated: May 22, 2012

Respectfully submitted:

MCCABE, WEISBERG & CONWAY, LLC.
/s/Abby K. Moynihan, Esq.
Abby K. Moynihan (VSB 79686)
McCabe, Weisberg & Conway, LLC
312 Marshall Avenue, Ste. 800
Laurel, MD 20707
Telephone: 301-490-1196
Facsimile: 301-490-1568
amoynihan@mwc-law.com
***Counsel for Defendant McCabe, Weisberg & Conway, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2012, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Kristi Cahoon Kelly
Surovell Isaacs Petersen & Levy PLC
4010 University Dr
Suite 200
Fairfax, VA 22030
703-277-9774
Fax: 703-591-9285
Email: kkelly@siplfirm.com
Counsel for Plaintiff

Dale Wood Pittman
The Law Office of Dale W. Pittman, P.C.
112-A W Tabb St
Petersburg, VA 23803-3212
(804) 861-6000
Fax: (804) 861-3368
Email: dale@pittmanlawoffice.com

Leonard Anthony Bennett
Consumer Litigation Associates
763 J Clyde Morris Boulevard
Suite 1A
Newport News, VA 23601
757-930-3660
Fax: 757-930-3662
Email: lenbennett@cox.net

Matthew James Erausquin
Consumer Litgation Associates PC (Alex)
1800 Diagonal Rd
Suite 600
Alexandria, VA 22314
703-273-6080
Fax: 888-892-3512
Email: matt@clalegal.com

/s/Abby K. Moynihan, Esq.
Abby K. Moynihan (VSB 79686)
McCabe, Weisberg & Conway, LLC
312 Marshall Avenue, Ste. 800
Laurel, MD 20707
Telephone: 301-490-1196
Facsimile: 301-490-1568
amoynihan@mwc-law.com
***Counsel for Defendant McCabe, Weisberg & Conway, LLC***